**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Trademark Owner Identified in Exhibit 1, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:24-cv-04081 |
| v. | ) ) | Dist. Judge LaShonda A. Hunt |
| The Partnerships and Unincorporated Associations Identified on Schedule "A", | ) ) ) ) ) | Mag. Judge Jeffrey T. Gilbert |
| Defendants. | ) | |

**<u>Plaintiff's Motion for Leave to File Under Seal and to Proceed Anonymously</u>**

**NOW COMES** Trademark Owner Identified in Exhibit 1 ("Plaintiff"), by and through Plaintiff's undersigned counsel, hereby requests: (A) relief from the Court's minute entry dated May 24, 2024 [Dkt. 9] for the reasons set forth below; and (B) leave to file the following documents under seal: (i) Schedule A attached to the Complaint, which lists the fully interactive, e-commerce stores operating under the seller aliases ("Defendant Online Stores") and the corresponding e-commerce store URLs [Dkt. 4]; (ii) Exhibits 1 and 2 of the Complaint which identifies Plaintiff and his registered Plaintiff Mark and example of Plaintiff's authorized products [Dkt. 2–3]; and (iii) the forthcoming Declaration of Plaintiff and exhibits attached thereto, which will include screenshot printouts showing the Defendant Online Stores offering to ship infringing products into this judicial district.

In this action, Plaintiff is requesting temporary *ex parte* relief based on an action for trademark infringement. Sealing these portions of the file is necessary, at the early stage of the case, to prevent the Defendants from learning of these proceedings prior to the execution of the temporary restraining order. If Defendants were to learn of these proceedings – including the

identity of the Plaintiff Mark, or Plaintiff himself (who can be immediately searched via USPTO's electronic trademark search system to the same effect) prematurely, such as from sellerdefense.cn or other court monitoring services, the likely result would be the destruction of relevant documentary evidence and the hiding or transferring of assets to foreign jurisdictions, which would frustrate the purpose of the underlying law and would interfere with this Court's power to grant relief. As a result, Plaintiff is also seeking leave to proceed anonymously at the outset of the case. Once the temporary restraining order (TRO) has been served on the relevant parties and the requested actions are taken, Plaintiff will move to unseal the above documents and will proceed under Plaintiff's legal name.

Plaintiff instituted this action on Friday, May 17, 2024. Upon learning the judge to whom the case was assigned (Hon. Lashonda A. Hunt), Plaintiff proceeded to review Judge Hunt's standing orders and instructions for scheduling of motions. Plaintiff noted that Judge Hunt requires in-person appearances for all motions, and that all motions must be noticed at least three business days prior to the date of presentment. Plaintiff also noted that motions should not be noticed for presentment between May 30, 2024 and June 3, 2024, as well as between June 12, 2024, and June 14, 2024. Because Plaintiff intends to request a TRO, which (if granted) would initially be issued for fourteen days, Plaintiff needed to plan not just for presentment of the initial motions to support the TRO, but also for presentment of a motion for extension of the TRO and subsequent injunctive relief. Given this dynamic, and with deference to the Court's availability, this limited the dates when Plaintiff could have presented the forthcoming motion for TRO.

Having initiated the case on May 17, 2023, the earliest date at which Plaintiff could have presented the motion for TRO would have been May 23, 2024. If the Court had then proceeded to grant the TRO on May 23, 2024, practically, Plaintiff would have had to have presented the motion

for extension of TRO on June 6, 2024. Plaintiff's counsel did not have availability to appear on June 6, 2024. Taking into account the Court's availability guidelines and Plaintiff's counsel's own commitments, Plaintiff intended to present the motion for TRO (along with motions for expedited discovery, electronic service of process, and leave to file under seal) on June 4, 2024, which would have resulted in a motion to extend the TRO on June 18, 2024. This combination of dates would have ensured that the Court was available and that Plaintiff's counsel could appear in-person to present the relevant motions.

Plaintiff's counsel concedes that the relevant filings could have been made prior to the Court's order to unseal the documents, with the TRO noticed for presentment several weeks later on June 4, 2024. Given the Court's notice requirements, Plaintiff's counsel believed that more time was available to make the necessary filings. Plaintiff's counsel apologizes for the failure to convey intentions to the Court at an earlier date but requests relief from the Court's instruction to unseal the documents at this stage, for the reasons set forth above. In either instance, Plaintiff will proceed to file relevant documents imminently at the Court's instruction.

Dated: May 24, 2024

                                                       Respectfully submitted,

                                                       /s/ Ilya G. Zlatkin
                                                       Zlatkin Cann Entertainment
                                                       4245 N. Knox Ave.
                                                       Chicago, IL 60641
                                                       ilya@zce.law
                                                       Ph. (312) 809-8022
                                                       Fax (312) 809-6918

                                                       *Counsel for Plaintiff*