**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Trademark Owner Identified in Exhibit 1, | )<br>)<br>) |
| Plaintiff, | ) Case No. 1:24-cv-04081<br>) |
| v. | ) Dist. Judge LaShonda A. Hunt<br>) |
| The Partnerships and Unincorporated Associations Identified on Schedule "A", | ) Mag. Judge Jeffrey T. Gilbert<br>)<br>)<br>) |
| Defendants. | ) |

**Plaintiff's *Ex Parte* Motion for Expedited Discovery**

**NOW COMES** Trademark Owner Identified in Exhibit 1 ("Plaintiff"), by and through his undersigned counsel, and hereby moves this Honorable Court *ex parte* to permit limited expedited discovery.

**I. Introduction**

As alleged in the Complaint, Defendants are offering for sale and selling unauthorized and unlicensed products which infringe Plaintiff's registered trademark ("Infringing Products") through at least the fully interactive, e-commerce stores[1] operating under the seller aliases identified in Schedule A to the Complaint ("Seller Aliases").

Defendants have targeted sales to Illinois residents, including within this judicial district, by setting up and operating e-commerce stores using one or more Seller Aliases through which Illinois residents can purchase and/or have purchased Infringing Products. The e-commerce stores operating under the Seller Aliases share unique identifiers establishing a logical relationship between them. Further, Defendants attempt to avoid and mitigate liability by operating under one

---

[1] The e-commerce store URLs are listed on Schedule A to the Complaint.

or more Seller Aliases to conceal both their identities and the full scope and interworking of their operation, albeit in such a uniform and collective manner so as to demonstrate their interrelatedness. Plaintiff is forced to file this action to combat Defendants' infringement of Plaintiff's patented designs, as well as to protect unknowing consumers from purchasing Infringing Products over the Internet.

## II. Statement of Facts

### a. Plaintiff Products

Plaintiff designs, distributes, markets, and offers for sale and sells consumer products, including keychains ("Plaintiff's Products" or "Plaintiff Products"). Complaint ¶¶ 9–10, 17. The Plaintiff's Products are known for their distinctive designs. Id., at ¶ 13. Products tailored after these designs are associated with the quality and innovation that the public has come to expect from the Plaintiff Products. Id. Plaintiff is the lawful owner of all right, title, and interest in and to the Plaintiff Mark. Id. at ¶¶ 10, 14.

### b. Defendants' Unlawful Activities

Plaintiff has identified numerous fully interactive e-commerce stores, including those operating under the Seller Aliases, which were offering for sale and/or selling Infringing Products to consumers in this judicial district and throughout the United States. Id. at ¶ 38. [Declaration of Plaintiff, Exs. 1–7]. Plaintiff's well-pleaded allegations regarding registration patterns, similarities among the e-commerce stores operating under the Seller Aliases and the Infringing Products for sale thereon, and common tactics employed to evade enforcement efforts establish a logical relationship among the Defendants and that Defendants are interrelated. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

**III. Argument**

As set forth in the Complaint, this Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., 28 U.S.C. §§ 1338(a)-(b), and 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391.

This Court may properly exercise personal jurisdiction over Defendants since Defendants directly target business activities toward consumers in the United States, including Illinois, through at least the fully interactive, e-commerce stores operating under the Seller Aliases. Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois and this judicial district, accept payment in U.S. dollars and, on information and belief, have sold Infringing Products to residents of Illinois. *See*, Complaint at ¶¶ 8, 15, 46. *See, e.g.*, Christian Dior Couture, S.A. v. Lei Liu et al., 1:15-cv-6324 (N.D. Ill. Nov. 17, 2015) (personal jurisdiction proper over defendant offering to sell alleged infringing product to United States residents, including Illinois; no actual sale required); *See also*, Illinois v. Hemi Group LLC, 622 F.3d 754, 758 (7th Cir. 2010) (finding the "minimum contacts" required to satisfy personal jurisdiction where the defendant offered online sales of goods to Illinois residents); Monster Energy Company v. Wensheng, 136 F. Supp. 3d 897, 907-08 (N.D. Ill. 2015) (arguing that a defendant that makes products available for purchase in the forum state online avails itself to the personal jurisdiction of that forum); Tommy Hilfiger Licensing LLC, et al. v. calvinklein.us.org, et al., No. 1:20-cv-07477 Dkt. 46 (N.D. Ill. 2021) ("Hilfiger has offered evidence tending to show that HHB BABY, though not physically located in Illinois or even in the United States, operated an interactive website through which it purposefully offered products for sale to consumers, including consumers located in Illinois, who would then select an address where

the products should be shipped, including Illinois as one of the options. This is enough to amount to HHB BABY having purposefully availed itself of doing business in Illinois."). Each of the Defendants is: (i) holding itself open to doing business with every state in the United States; (ii) ready and able to ship its illegitimate goods specifically to Illinois and this judicial district and thereby do business with Illinois residents; (iii) committing tortious acts in Illinois; (iv) engaging in interstate commerce; (v) diminishing the ability for Plaintiff to reach customers and offer its authentic Plaintiff Product; and (vi) wrongfully causing Plaintiff substantial injury in the State of Illinois.

"Federal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits." Vance v. Rumsfeld, No. 1:06-cv-06964, 2007 WL 4557812, *6 (N.D. Ill. Dec. 21, 2007), *quoting*, Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Courts have wide latitude in determining whether to grant a party's request for discovery. Id. (citation omitted). Moreover, courts have broad power over discovery and may permit discovery in order to aid in the identification of unknown defendants. *See*, Fed. R. Civ. P. 26(b)(2); Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); *See also*, Guest v. Leis, 255 F.3d 325, 336 (6th Cir. 2001) ("computer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person - the system operator"). Courts in the Seventh Circuit and this District routinely find good cause for expedited discovery to enable plaintiffs in intellectual property infringement actions, including involving counterfeit products offered by unknown and foreign e-commerce retailers. *See, e.g.*, Yiwu Lehman Electronic Technology Co., Ltd. v. The Individuals, P'ships, and Unincorporated Assocs. Identified on Schedule A, No. 23-cv-06375 Dkt. 8 (Sept. 6, 2023).

Defendants go to great lengths to conceal their identities and obfuscate the scope of their operations including, without limitation, by omitting reliable identifiable information from the online storefronts. Plaintiff requires this information to properly serve Defendants and to determine the profits derived by each Defendant through the use, sale, and exploitation of the Plaintiff Mark in anticipation of a motion, if necessary and appropriate, to subsequently request an *ex parte* asset restraint, to help protect Plaintiff's right to an accounting of profits. *See*, Commodity Futures Trading Commission v. Lake Shore Asset Mgmt. Ltd., 496 F.3d 769, 772 (7th Cir. 2007); *See, also*, Deckers Outdoor Corporation v. The Partnerships, et al., No. 15-cv-3249 (N.D. Ill. Apr. 21, 2015) (unpublished).

The expedited discovery requested in Plaintiff's Proposed Order is relatively limited. Plaintiff seeks, generally: (i) identity and contact information behind each Defendant Online Store and all entities and individuals associated or acting in concert therewith; (ii) any accounts or domains owned or controlled by each Defendant Online Store and all entities and individuals associated or acting in concert therewith; and (iii) each Defendant Online Store's sales history concerning the identified or related product(s) incorporation the Plaintiff Mark and payment methods and status of financial accounts which may contains revenues derived from the Defendant Online Stores' infringing activities. This information includes only what is essential to help prevent additional harm. Discovery of this identification information is necessary to effect service of process thereon, and the discovery of Defendants' financial accounts is also necessary to ensure that Defendants' infringing activities will be contained.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant the following relief:

**A.** That the Court enter an order granting Plaintiff expedited discovery substantially in the form submitted herewith;

**B.** Any further and additional relief that the Court deems necessary and appropriate.

Dated: May 29, 2024

                                                  Respectfully submitted,

/s/ Ilya G. Zlatkin
Ilya G. Zlatkin
Zlatkin Cann Entertainment
4245 N. Knox Ave.
Chicago, IL 60641
(312) 809-8022
ilya@zce.law

*Counsel for Plaintiff*