IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Trademark Owner Identified in Exhibit 1, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:24-cv-04081 |
| v. | ) ) ) | Dist. Judge LaShonda A. Hunt |
| The Partnerships and Unincorporated Associations Identified on Schedule "A", | ) ) ) ) ) | Mag. Judge Jeffrey T. Gilbert |
| Defendants. | ) | |

**Declaration of Ilya G. Zlatkin in Support of Plaintiff's Motion for Electronic Service of Process Pursuant to Fed. R. Civ. P. 4(f)(3)**

I, Ilya G. Zlatkin, of the Town of Munster, in the State of Indiana, declare as follows:

1. I am an attorney at law, duly admitted to practice before the Courts of the State of Illinois, the State of Indiana, and the United States District Court for the Northern District of Illinois. I am the attorney for Plaintiff. Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify to the following.

2. Online marketplace account operators accepting Amazon Pay, PayPal, and other electronic payments must provide a valid e-mail address to customers for completing payment.

3. Online marketplace account operators typically use pseudonymous store names and omit physical contact information (*e.g.*, an address) from their marketplace listings and/or their "storefront" in the interest of concealing their identities. What's more, they rely almost exclusively on electronic communication to correspond with third parties, such as customers or service providers (e.g., payment processors). Online marketplace account operators, particularly in the business of offering counterfeit or pirated merchandise, will very often carry no inventory and only upon

receiving an order from their unauthorized product listing will themselves place an order with a third-party, similarly-infringing supplier who will in fact ship the goods from a separate location. Email is by a substantial margin the most direct, fastest, and most reliable way to provide notice to Defendant Online Store operators.

4. I have reviewed the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters ("Hague Convention"), to which China is a signatory. The Hague Convention does not preclude service by e-mail, and the declarations to the Hague Convention filed by China do not appear to expressly prohibit e-mail service. Additionally, according to Article 1 of the Hague Convention, the "convention shall not apply where the address of the person to be served with the document is not known."

5. A true and correct copy of the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters, and a list of signatory members, are collectively attached hereto as Exhibit 1.

6. I have researched whether the issuance of an order to serve process upon the Defendants by electronic mail pursuant to Fed. R. Civ. P. 4(f)(3) is contrary to or likely to offend the law of the People's Republic of China (the "PRC"). I located an English language version of the current Civil Procedure Law of the PRC, which was amended effective July 1, 2017. A true and correct copy of the Civil Procedure Law ("CPL") is attached hereto as Exhibit 2. I am informed and believe that the law does not preclude or proscribe the service of process by e-mail and allows for alternate service of process in certain circumstances. Article 92 of the CPL provides that if the whereabouts of a recipient of the service is unknown, or if a document cannot be served by the other methods reflected in the CPL, a document shall be served by public announcement, a method even less likely to reach a defendant than service by e-mail. Additionally, Articles 87 and

267(7) of the CPL provide that a document may be served by way of facsimile or electronic mail in certain circumstances.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this May 29, 2024 at Munster, Indiana.

        Respectfully submitted,

        /s/Ilya G. Zlatkin
        Ilya G. Zlatkin
        Zlatkin Cann Entertainment
        4245 N Knox Ave
        Chicago, IL 60641
        (312) 809-8022
        ilya@zce.law

        *Counsel for Plaintiff*