UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

Trademark Owner Identified in Exhibit 1
                                                              Plaintiff,
v.                                                            Case No.:
                                                              1:24−cv−04081
                                                              Honorable LaShonda A. Hunt

The Partnerships and Unincorporated Associations
Identified on Schedule "A"
                                                              Defendant.

NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, June 3, 2024:

    MINUTE entry before the Honorable LaShonda A. Hunt: Plaintiff's Motion for Leave to File Under Seal and to Proceed Anonymously [10] is denied. First, as the Court explained in its prior order [9], and the Seventh Circuit recently reaffirmed, quot;[t]he norm in federal litigation is that all parties' names are public." Doe v. Trustees of Indiana Univ., No. 22−1576, 2024 WL 1824967 at *3, (7th Cir. Apr. 26, 2024). Plaintiff has not shown that the "balance of harms justifies&quot; anonymity here. Id. at *4. See also XYZ Corp. v. Partnership and Unincorporated Ass'n on Schedule A, No. 20−cv−6610, 2020 WL 6681360 at *1 (N.D.Ill. Nov. 12, 2020) (striking Plaintiff's complaint filed anonymously without leave of court because "[n]o−name litigation is the rare exception, not the Rule."). Second, Plaintiff's excuse that he could not comply with Local Rule 26.2 and file a motion to seal these documents due to the Court's hearing schedule is disingenuous. Local Rule 26.2(c) requires a sealing motion to be filed "before or simultaneously with the provisional filing of the document under seal," not whenever counsel deems it convenient. At this point, although the anonymous complaint was filed on 5/17/24 and should have been stricken, the Court generously gave plaintiff until 6/7/24 [9] to file an amended complaint along with a proper civil cover sheet [5] identifying itself. Instead, Plaintiff has proceeded to file more documents under seal [12] without properly disclosing its identity. As such, the Court's prior unsealing order stands, and the documents filed at [2][3][4] shall be unsealed; the Clerk is further directed to unseal the document filed at [12]. Plaintiff's Ex Parte Motion for Expedited Discovery [11] and Motion for Electronic Service of Process Pursuant to Fed. R. Civ. P. 4(f)(3) [13] are denied without prejudice to renewal once Plaintiff has appropriately disclosed its identity. No appearance is necessary on 6/4/24. Finally, the Court expresses serious doubt about whether joinder of 142 Defendants in this action is appropriate here and directs Plaintiff's counsel to review the relevant case law on this point and consider filing an amended Schedule A with a significantly smaller subset of Defendants that meet the requirements under Fed. R. Civ. P. 20(a)(2). See Estee Lauder Cosmetics, Ltd. v. P'ships and Unincorporated Ass'ns Identified on Schedule "A," 334 F.R.D. 182 (N.D. Ill. 2020); Bose Corp. v. P'ships and Unincorporated Ass'ns Identified on Schedule "A," 334 F.R.D. 511

(N.D. Ill. 2020). Mailed notice(mjc, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.