UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jun Fang, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:24-cv-04081 |
| v. | ) |
| | ) Dist. Judge LaShonda A. Hunt |
| The Partnerships and Unincorporated | ) |
| Associations Identified on Schedule | ) Mag. Judge Jeffrey T. Gilbert |
| "A", | ) |
| Defendants. | ) |

**RESPONSE TO ORDER TO SHOW CAUSE**

**NOW COMES** Plaintiff Jun Fang, formerly identified in this case as Trademark Owner Identified in Exhibit 1 ("Plaintiff"), by and through his undersigned counsel, and in response ("Response") to this Court's order to show cause and in furtherance of joining certain defendants, states as follows:

**I. Introduction**

Plaintiff filed the original complaint in this case on May 17, 2024, in which Plaintiff was not identified by name. (Dkt. 1.) Instead, Plaintiff filed all self-identifying information under seal. (Dkts. 2–3.) Plaintiff also filed an initial Schedule A identifying 142 online stores that infringed upon Plaintiff's rights in Plaintiff's trademark – also under seal. (Dkt. 4.) For reasons the Court found unavailing, Plaintiff delayed filing a motion to seal the documents, and so the Court ordered the documents to be unsealed. (Dkt. 9; *see also* Dkt. 15.)

In its minute entry order dated May 24, 2024, the Court had granted Plaintiff an opportunity to file an amended complaint disclosing its identity by June 7, 2024. (Dkt. 9.) On June 3, 2024, however, before the initial deadline to amend the complaint, the Court issued a comprehensive minute order denying Plaintiff's pending motions and also expressing doubt about Plaintiff's initial

1

attempts to join 142 defendants and instructing Plaintiff to "consider filing an amended Schedule A with a significantly smaller subset of Defendants." (Dkt. 15.) The June 3 minute entry seemingly overrode the prior minute entry that had initially set the June 7, 2024 deadline for an amended complaint. To the extent that Plaintiff (and, of course, Plaintiff's counsel) misunderstood the mandates from the Court's June 3, 2024, minute entry, Plaintiff's counsel apologizes to the Court.

Plaintiff did take the Court's instructions to heart, however, and carefully culled Schedule A, such that the Amended Schedule A filed by Plaintiff on June 28, 2024, contained only 13 online storefronts. The time between the Court's June 3, 2024 minute entry and the filing of the First Amended Complaint and the Amended Schedule A was a byproduct of Plaintiff's diligence in ensuring that joinder was proper, rather than any intention to delay the prosecution of this case or to otherwise frustrate the Court. As set forth below, Plaintiff earnestly believes that it has satisfied the requirements of the Court and of Rule 20.

**II. Joinder is proper in the present case.**

In the present case, concurrently with the filing of this Response, Plaintiff has filed an Amended Schedule A (Dkt. 17-3) that satisfies the standard for joinder, in accordance with the Court's opinions in *Estee Lauder* and *Bose*. *Estee Lauder Cosms. Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A*, 334 F.R.D. 182 (N.D. Ill. 2020); *Bose Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 334 F.R.D. 511 (N.D. Ill. 2020). The conclusions in these cases were that Rule 20's requirement for proper joinder is not satisfied by merely alleging that defendants have infringed the same patent or trademark or sell similar products, since, "[u]nless there is an actual link between the facts underlying each claim of infringement, independently developed products using differently sourced parts are not part of the same transaction, even if they are otherwise coincidentally identical." *Id.* at 187, *citing*, *In re EMC*

*Corp.*, 677 F.3d 1351, 1359 (Fed. Cir. 2012). However, here, Defendants are not merely selling similar products that infringe the same trademark. Rather, the evidence clearly shows that they are selling identical products that are almost certainly from the same source.

In *Estee Lauder*, this Court found that joinder was improper where not all of the Defendants use the same product images and product descriptions." *Id.* at 188. However, the Court acknowledged reliance on "unique images, unique word and sentence construction, or the same misspellings or grammar mistakes to infer that the subset of online retailers using those same images or those same descriptions are connected to one another" in the past to establish joinder. *Id.* Following *Estee Lauder*, this Court has allowed joining of Defendants with similar infringing evidence such as using similar titles, prices, product images, and/or product descriptions. *See*, *Khara Inc. et al v. The Partnerships and Unincorporated Associations Identified on Schedule A*, No. 23-cv-01230, Dkt. 24 (N.D. Ill. Mar. 15, 2024) (finding joinder was proper in part because defendants used identical infringing images and product titles); *Huang v. Partnerships and unincorporated Associations Identified in Schedule A*, No. 22-cv-809, Dkt. 26 (N.D. Ill. Sept. 21, 2022) ("If certain Defendants use the exact same unique photo (such as one of the photos at R. 18, para. 23), then those Defendants same photo may be joined."); *Hong Kong Xingtai International Trade Co. LTD. v. The Individuals et al.*, No. 23-cv-15481 Dkts. 19, 24 (N.D. Ill. Jan. 24, 2024) (finding that joinder was proper where defendants sold identical products at nearly the same price using the same promotional photographs).

Similarly, here, the evidence shows that there are numerous characteristics between Defendants' e-commerce stores that suggest common ownership and that Defendants are sufficiently connected to one another such that they should be joined in this case. For example, all of the Defendants sell the same product using at least one picture taken of the product taken in

3

front of a counter at a very particular deli or coffee shop. Not only is taking and using product pictures taken in a public shop exceedingly unique and rare, but the inclusion of all the pictures taken at the same particular shop cannot be said to be merely coincidental, and strongly indicates that Defendants are interrelated. In addition, all of the online storefronts identified in Amended Schedule A appear on the same platform (Alibaba). Given the evidence, not only is joinder pursuant to the Court's opinion in *Estee Lauder* and *Bose* proper, but it is probable that Defendants are actually a single Defendant with multiple seller aliases, thus Defendants should be joined in this case.

### III. **Joinder of Defendants is consistent with fairness, convenience, and judicial economy.**

Joinder at this stage serves the important interest of convenience and judicial economy leading to a just, speedy, and inexpensive resolution for Plaintiff, Defendants, and this Court. The resources of this Court and other courts in this District will be substantially taxed if Plaintiff's claims against Defendants are severed into separate lawsuits.

This case is not *Estee Lauder*, nor does this case impose the same inconveniences on this Court. In *Estee Lauder*, the Court focused on a lack of efficiency stating, the exhibits proffered to show the infringement on the online retailers' sites and to show the online orders made by Plaintiffs' investigators consume 1,355 pages," *Estee Lauder*, 334 F.R.D. at 186. Conversely, the evidence for Defendants in the present case is less than a quarter as long as that in *Estee Lauder*, has already been isolated, and provides the Court with a more efficient means that greatly reduces the time needed by this Court to evaluate the merits of Plaintiff's claims.

Moreover, as Judge Durkin recognized in *Bose Corp.*, cases like the present are one of the few effective mechanisms for stopping and deterring swarms of infringers. Judge Durkin found that "[r]equiring the filing of separate complaints could flood the courts with thousands of

4

additional single defendant Lanham Act cases, with no difference in resolution of nearly every case in a practical sense. The only thing that will inevitably occur is the slowdown of adjudications of other lawsuits, or the decrease of filings of cases which on their face have alleged plausible violations of the Lanham Act." *Bose Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 334 F.R.D. 511 at 517 n.6.

### IV. Conclusion

Joinder is proper in this case, especially given the diligent assessment and reduction of defendants in the Amended Schedule A. The unique nature of Plaintiff's claims and Defendants' infringing behavior on ecommerce platforms necessitate joinder in this matter. If this Court is to provide any meaningful avenue of relief for intellectual property owners – in this case and in future matters – then it must provide said owners a practical means to enforce their rights. Indeed, cases like this one have proven effective at substantially reducing online counterfeiting and infringement and this Court should allow joinder of the Schedule A Defendants. *See, e.g.*, *Luxottica Group USA LLC v. The Partnerships et al.*, 2015 WL 3818622, at *5 (N.D. Ill. June 18, 2015); *Entertainment One*, 384 F. Supp. 3d at 947. Plaintiff respectfully requests this Court find joinder of the defendants in the Amended Schedule A proper under to Federal Rule of Civil Procedure 20.

Dated: June 28, 2024

                                                Respectfully,

                                                /s/ Ilya G. Zlatkin
                                                ZLATKIN CANN ENTERTAINMENT
                                                4245 N. Knox Ave.
                                                Chicago, IL 60641
                                                ilya@zce.law
                                                Ph. (312) 809-8022
                                                Fax (312) 809-6918

                                                *Counsel for Plaintiff*