UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jun Fang, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:24-cv-04081 |
| v. | ) |
| | ) |
| The Partnerships and Unincorporated Associations Identified on Schedule "A", | ) |
| | ) |
| Defendants | ) |

**Declaration of Jun Fang**

I, Jun Fang, of the City of Fairfax, Virginia, declare as follows:

**1.** This declaration is based upon my personal knowledge of the facts stated herein or on the business records that were made at the time or in the regular course of business. If called as a witness, I could and would testify to the statements made herein.

**2.** I am the Plaintiff, Jun Fang. I am knowledgeable of or have access to business records concerning all information referenced herein, including, but not limited to, trademarks, copyrights, other intellectual property, sales, on-line sales, advertising, marketing, and media coverage. I make this declaration from matters within my own knowledge unless otherwise stated.

**3.** Since 2020, I have been engaged in the design, distribution, marketing, offering for sale, and sale of keychain products (the "Plaintiff Products").

**4.** Authentic Plaintiff Products are distributed and sold to consumers throughout the United States, including in Illinois, online and through ecommerce.

5. Plaintiff Products are known for their distinctive brand. The Plaintiff Mark is broadly recognized by consumers. Products displaying the Plaintiff Mark are associated with the quality and innovation that the public has come to expect from my products.

6. I, Jun Fang, am the lawful owner of U.S. Trademark Registration 6,718,796 and maintain the exclusive right to use the Plaintiff Mark. U.S. Trademark Registration number 6,718,796 was lawfully issued on May 3, 2022, with the named registrant Jun Fang.

7. I perform, supervise, and/or direct investigations related to Internet-based infringement for all my business enterprises, including investigations related to the infringement of the Plaintiff Mark. My investigation shows that Defendants are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use products, namely hair care products, which infringe directly and/or indirectly the Plaintiff Mark (the "Counterfeit Products"). I, or someone working under my direction, analyzed each of the e-commerce stores[1] operating under the seller aliases identified in Schedule A to the FAC (the "Defendant Online Stores") and determined that Counterfeit Products were being offered for sale to residents of the United States, including Illinois residents. This conclusion was reached through visual inspection of the products listed for sale on each ecommerce store and the price at which the Counterfeit Products were offered for sale, other features commonly associated with e-commerce stores selling infringing products, and because I have not, based on my investigation, granted a license or any other form of permission to Defendants as they are identified with respect to the Plaintiff Mark. In addition, each ecommerce store offered shipping to the United States, including Illinois. True and correct copies of screenshot printouts showing the active e-commerce stores operating under the Defendant Online Stores reviewed

---

[1] The e-commerce store URLs are listed on Schedule A to the First Amended Complaint.

are attached as an exhibit hereto.

8. Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Defendant Online Stores, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, have sold Counterfeit Products to residents of Illinois over the Internet.

9. Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by designing e-commerce stores operating under the Defendant Online Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. E-commerce stores operating under the Defendant Online Stores look reasonably sophisticated and accept payment in U.S. dollars via credit cards, AliPay, Amazon Pay, and/or PayPal. The Defendant Online Stores often include professional content and imagery that make it very difficult for consumers to distinguish such stores from an authorized retailer. Based on inspection and knowledge of the Defendant Online Stores and storefronts as documented in the attached, I, Jun Fang, have not licensed or authorized any Defendants to use the Plaintiff Mark and none of the Defendants are authorized retailers of genuine Plaintiff Products.

10. On information and belief, Defendants have engaged in fraudulent conduct when registering the Defendant Online Stores by providing false, misleading, and/or incomplete information to the e-commerce platforms. On information and belief, certain Defendants have anonymously registered and maintained Defendant Online Stores to prevent discovery of their true identities and the scope of their e-commerce operations.

11. On information and belief, Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Counterfeit Products. Such Defendant Online Store registration patterns are one of many common tactics used by the Defendants to conceal their

identities and the full scope and interworking of their operation, and to avoid being shut down.

12. Even though Defendants operate under multiple fictitious aliases, including on information and belief the Defendant Online Stores, the e-commerce stores operating under the Defendant Online Stores often share unique identifiers, such as templates with common design elements which intentionally omit any contact information or other information for identifying Defendants or other Defendant Online Stores they operate or use. Ecommerce stores operating under the Defendant Online Stores include other notable common features, such as use of the same registration patterns, accepted payment methods, check-out methods, keywords, illegitimate search engine optimization (SEO), advertising tactics, similarities in price and quantities, the same incorrect grammar and misspellings, and/or the use of the same text and images. Additionally, Counterfeit Products for sale by the Defendant Online Stores bear similar irregularities and indicia of being unauthorized to one another, suggesting that the Counterfeit Products were manufactured by and come from a common source and that Defendants are interrelated.

13. On information and belief, Defendants are in constant communication with each other and regularly participate in QQ.com and WeChat chat rooms and through websites such as sellerdefense.cn, kaidianyo.com and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

14. Infringers such as Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operating despite my enforcement efforts.

15. On information and belief, Defendants maintain offshore bank accounts and regularly move funds from their e-commerce financial and payment accounts to offshore bank accounts outside the jurisdiction of this Court to allow them to avoid payment of any monetary judgment awarded to a rightsholder, such as myself.

16. On information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Counterfeit Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from me or my agents, have jointly and severally, knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the Plaintiff Mark.

17. Monetary damages cannot adequately compensate me for ongoing infringement because monetary damages fail to address the pervasive damage to my control over my rights in the Plaintiff Mark, the mark's reputation, associated goodwill, and my ability to exploit the Plaintiff Mark. Furthermore, monetary damages are difficult, if not impossible, to ascertain due to the inability to calculate measurable damage in dollars and cents caused to my control over my rights in the Plaintiff Mark, the mark's reputation, the goodwill associated therewith, and my ability to exploit the Plaintiff Mark by these acts of infringement.

18. My business enterprise's goodwill and reputation are irreparably damaged by the making, using, offering for sale, selling, or importing of goods that infringe the Plaintiff Mark. Moreover, consumer confidence in my brand is damaged, which can and will result in a loss of future sales and market share. The extent of harm to my brand's reputation and goodwill and the possible diversion of customers due to loss in brand confidence is largely unquantifiable.

19. I am further irreparably harmed by the unauthorized making, using, offering for sale, selling, or importing of goods that infringe the Plaintiff Mark because infringers take away my ability to control the nature and quality of the Counterfeit Products. Loss of quality control over goods made, used, offered for sale, sold, or imported featuring the Plaintiff Mark and, in turn, loss of control over my business' commercial reputation is neither calculable nor precisely

compensable.

20. The making, using, offering for sale, selling, or importing of goods featuring the Plaintiff Mark that are not authorized, produced, or manufactured by myself or my agents is likely causing and will continue to cause consumer confusion, which weakens my brand recognition and reputation. Inferior quality products will result in increased skepticism and hesitance in consumers presented with genuine XBOOM! products, resulting in a loss or undermining of my business's reputation and goodwill.

21. I am further irreparably damaged due to a loss of exclusivity. My business's products are meant to be exclusive. My marketing efforts and innovative designs are aimed at growing and sustaining sales. When infringers make, use, offer for sale, sell, or import goods featuring the Plaintiff Mark without my authorization, the exclusivity of my products, as well as my reputation, are damaged and eroded, resulting in a loss of unquantifiable future sales.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this March 22, 2024 at Fairfax, Virginia.

_____
Jun Fang